UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTER'S DISTRICT COUNCIL NO. 2, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:08CV1212 AGF<br>) |
| CAPITAL RESTORATION & PAINTING CO., | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

# **MEMORANDUM AND ORDER**

This matter is before the Court[1] on Plaintiff's Motion for Summary Judgment against Defendant, Capital Restoration & Painting Co. ("Capital"). For the reasons set forth below, the motion shall be granted.

## **BACKGROUND**

Plaintiffs filed this action on August 20, 2008, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act, 29 U.S.C. § 185. The complaint alleges that Defendant failed to submit weekly reports and make weekly contributions due to six ERISA-governed employee benefit funds, as required by the collective bargaining agreement ("CBA") between Defendant and its employees' union. Plaintiffs are the union and the trustees, sponsors, and/or fiduciaries of the various funds. The complaint states that Plaintiff would be unable to determine the exact amounts due, until the

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

delinquent reports were submitted. For relief, Plaintiffs sought the amounts determined to be due, plus liquidated damages thereon, plus attorneys fees and costs, all provided for by the CBA and ERISA.[2]

On July 30, 2009, the parties participated in good faith in an alternative dispute resolution conference but did not achieve a settlement of the current lawsuit. On August 11, 2009, Plaintiffs filed a motion for, among other things, a preliminary injunction ordering Defendant to submit the delinquent weekly contribution reports, as well as future reports in a timely manner. After a hearing was set on this motion for September 10, 2009, Defendant submitted to Plaintiffs all contribution reports through August 25, 2009. At the hearing, Defendant agreed to enter into a preliminary injunction requiring the timely filing of future reports. In light of this agreement, Plaintiffs agreed to waive their request for attorney's fees related to bringing the motion for a preliminary injunction. The parties were to file a proposed order granting Plaintiffs preliminary injunctive relief, but never did so.

Rather, on October 16, 2009, Plaintiffs filed the present motion for summary judgment. Plaintiffs assert, and have submitted affidavits and documents supporting the following:

(1) Plaintiffs hired, as allowed by the CBA, a payroll auditor who examined Defendant's records and determined that as of April 28, 2009, Defendant owed Plaintiffs

---

[2] The Court takes judicial notice of that fact that on April 28, 2008, the Court dismissed without prejudice, in accordance with a joint stipulation of dismissal filed by the parties, a similar lawsuit by Plaintiffs against Defendant, Case No. 4:07-CV-1436 (CEJ).

$30,699.61, which included $19,806.24 in delinquent contributions to the funds, $8,135.47 in liquidated damages, and $2,757.90 for the auditor's work; the auditor attested that Defendant had an opportunity to review these findings and did not dispute them;

(2) Since April 28, 2009, Defendant paid a total of $2,554.40 toward its delinquency;

(3) From April 29, 2009, to October 10, 2009 (the date of the motion for summary judgment), Defendant incurred an additional delinquency of $43,504.38, not including interest or liquidated damages;

(4) Defendant has not made any contributions to the funds since September 30, 2009, and did not submit a contribution report after September 22, 2009; and

(5) Plaintiffs incurred attorney's fees in connection with this lawsuit in the amount of $15,108.23, and costs in the amount of $1,341.82.

Accordingly, Plaintiffs sought summary judgment against Defendant in the total amount of $88,099.64. In opposition to the motion for summary judgment, Defendant denies all of the above facts, based on the November 27, 2009 affidavit of the Vice President attesting that as of that date, Defendant filed all benefit reports and paid all contributions due to the funds. He further attests that Defendant was never advised that an outside auditor was needed and was never provided with the auditor's findings; that before the suit was filed, Defendant made payment arrangements with the union and agreed to pay all contributions with interest, in exchange for which the union agreed to waive liquidated damages; and that this "suit was totally unnecessary and filed by [the

union's] attorney solely to run up unnecessary and unreasonable attorney's fees." Defendant argues that it was unnecessary to employ the auditor

In reply, Plaintiffs state that they "are currently without information regarding the veracity of" the averment of Defendant's Vice President that Plaintiff all contributions due the funds had been made. They assert that even if the averment is true, they are entitled to summary judgement based on Defendant's failure timely to meet its obligations. Plaintiffs argue that they should not have to "continually amend their complaint to account for each month Defendant again decides to be delinquent in contributions to Plaintiffs."

## DISCUSSION

**Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant satisfies its burden, the party opposing the motion must respond by submitting evidentiary materials that "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn

from it in the light most favorable to the party opposing the motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Here the Court accepts as true Defendant's Vice President's averment that as of November 27, 2009, Defendant filed all benefit reports and paid all contributions due to the funds, as well as the averment that Defendant was never shown the auditor's report. Plaintiffs are still entitled to summary judgment on the issue of liability.  Defendant does not challenge the accuracy of the auditor's report, or the fact that when suit was filed and up until November 27, 2009, Defendant was in delinquency.  Nor does Defendant challenge the calculations of fees and expenses.

When a court enters judgment against a defendant for contributions owed under a CBA, ERISA provides that the court "shall" award the plan (1) the unpaid contributions, (2) the interest on the unpaid contributions, (3) the greater of the amount of interest on the unpaid contributions or the amount of liquidated damages provided for under the plan, not in excess of 20 percent of the amount of unpaid contributions, and (4) reasonable attorney's fees and costs of the action.  29 U.S.C. § 1132(g)(2).

However, based on the record before the Court, the amount of the unpaid contributions remains unclear.  Plaintiffs have themselves acknowledged this, but have not submitted a new accounting as to the amount of judgment they seek.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for summary judgment is **GRANTED** as to liability, and **DENIED** as to damages. [Doc. #33]

5

**IT IS FURTHER ORDERED** that the Court shall hold a final pretrial conference on **Wednesday, March 17, 2010, at 2:00 p.m.** The parties are reminded that this matter is set for trial on March 22, 2010, and pretrial materials are due on March 2, 2010.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of February, 2010.