UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., ) ) ) Plaintiffs, ) ) vs. ) ) CAPITAL RESTORATION & PAINTING CO., ) ) Defendant. ) | No. 4:08CV01212 AGF |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion (Doc. #73) to enforce the Consent Judgment entered by the Court in this case for the collection of delinquent contributions owed by Defendant to ERISA-governed employee benefit plans. On March 23, 2010, the parties filed a motion to approve a consent judgment upon the terms set forth in an attached exhibit that was entitled "Consent Judgment." The terms in the exhibit called for a lump sum payment by Defendant, ten future monthly installment payments beginning on May 1, 2010, and the timely filing of future Contribution Report Forms.

On March 25, 2010, the Court entered a Consent Judgment that provided that it was entered in accordance with the terms set forth in the parties's stipulation, and specifically stated that the Court did not intend to maintain jurisdiction with respect to any payments due in the future. Plaintiffs now seek to enforce the Consent Judgment. Plaintiffs assert that Defendants failed to submit Contribution Report Forms since March 6, 2011, failed to make contributions due Plaintiffs for work done since the end of December 2010, and failed to submit two installment payments called for under the Consent Judgment. No response has been filed.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Supreme Court held in *Kokkonen* that district courts do not have inherent power to enforce a settlement agreement entered into by parties in federal court. *Id.* at 380-81. Because an action to enforce a settlement agreement is a claim for breach of contract, it should be heard in state court unless it has "its own basis for jurisdiction." *Id.* at 378. The Court explained that if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal -- either by separate provision, such as a provision "retaining jurisdiction" over the settlement agreement, or by incorporating the terms of the settlement agreement in the order -- a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. *Id.* at 381.

The Court held, however, that "[a] judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id.; see also Lucille v. City of Chicago*, 31 F.3d 546, 548 (7th Cir. 1994) (holding that a judgment stating it was "entered in accordance with" settlement agreement did not incorporate settlement), *cited with approval in Miener by Miener v. Mo. Dep't of Mental Health*, 62 F.3d 1126, 1128 (8th Cir. 1995).

Here, the parties did not ask the Court to retain jurisdiction over the case in their motion for approval of their settlement, the terms of the settlement were not included in the Consent Judgment, and, as noted above, the Court specifically stated that in the Consent Judgment that the Court was not maintaining jurisdiction. No independent basis for federal jurisdiction has been asserted here, and such an assertion would, in any event, require the institution of a separate action for breach of contract. *See Local 682 Health & Welfare Fund v. Arrow Drain & Sewer*

*Cleaning*, No. 4:09CV177 CAS (E.D. Mo. Sept. 17, 2010).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to enforce the Consent Judgment entered in this case is **DENIED**. [Doc. #73]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2011.